FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 18, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MATTHEW C. DERYAN,<br><br>                    Plaintiff,<br><br>        v.<br><br>JAMES GLOVER; TIMOTHY<br>TRAGESER; and DAVID WATTS,<br><br>                    Defendants. | No. 2:23-cv-000063-MKD<br><br>ORDER DENYING MISSY<br>KILGORE'S MOTION TO DISMISS<br>AS MOOT; DISMISSING FIRST<br>AMENDED COMPLAINT; AND<br>DENYING PLAINTIFF'S MOTION<br>FOR CONTINUANCE AS MOOT<br><br>**ECF Nos. 10, 25, 31** |

Before the Court is Defendant Kilgore's Motion to Dismiss, ECF No. 10,

Plaintiff's First Amended Complaint, ECF No. 25, and Plaintiff's Motion for

Continuance, ECF No. 31. The Court has reviewed the pleadings and is fully

informed. For the reasons discussed herein, the Court denies Defendant Kilgore's

Motion to Dismiss, ECF No. 10, as moot; dismisses Plaintiff's First Amended

Complaint, ECF No. 25; and denies Plaintiff's Motion for Continuance, ECF No.

31, as moot.

ORDER DISMISSING FIRST AMENDED COMPLAINT - 1

**BACKGROUND**

Plaintiff filed this a *pro se* Complaint on March 8, 2023.  ECF No. 1.  Ms. Kilgore filed a Motion to Dismiss on April 14, 2023, ECF No. 10, which the Court stayed, ECF No. 20.  Plaintiff was directed to amend or voluntarily dismiss his complaint.  *Id*.  On July 12, 2023, Plaintiff filed a First Amended Complaint.  ECF No. 25.  Plaintiff alleges violation of his civil rights generally, as well as violations of "Federal RICO statues," his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights, the Americans with Disabilities Act (ADA), "Common Law," "Washington state Law," "Obstruction of Justice," and "Dereliction of (Police Officer) Duties."  *Id.* at 11.  Plaintiff alleges Defendants have engaged in fraud, collusion, and unlawfully targeted Plaintiff, resulting in Plaintiff being arrested multiple times and unlawfully jailed.  ECF No. 25 at 12, 17.  The allegations, in part, concern events related to a harassment case in which Plaintiff is the Defendant and Ms. Kilgore is the Plaintiff.  *Id.*  at 11 (citing *Missy Kilgore v. Matthew Conon Deryan*, 21-2-00332).  Plaintiff's Amended Complaint adds David Watts as a defendant and removes Ryan Pankey and Missy Kilgore as defendants.  ECF No. 25.  Mr. Pankey and Ms. Kilgore were terminated as Defendants effective the date of the Amended Complaint, July 12, 2023.

Plaintiff also submitted a "Supplement to First Amended Complaint," ECF No. 26.  Plaintiff then submitted a Motion for Continuance, ECF No. 31, Notice of

ORDER DISMISSING FIRST AMENDED COMPLAINT - 1

1    Intention to Move for Entry of Default, ECF No. 34, Reply

2    Memorandum/Response Document with attachments, ECF No. 37,

3    Letter/Supplement to Declaration, ECF No. 38, and Notice of Intent: Entry of

4    Appearance for Motion of Default as to David Watts, ECF No. 39. Plaintiff has

5    also filed multiple proofs of service, including proof of service for James Caruso

6    and Julie James, who are not parties to this case. ECF Nos. 28, 30. By separate

7    Order, the Court has granted Plaintiff leave to proceed *in forma pauperis*. ECF

8    No. 4.

9    **ANALYSIS**

10    **A. Motion to Dismiss**

11    Ms. Kilgore filed a Motion to Dismiss on April 14, 2023, ECF No. 10, and

12    Plaintiff filed a response to the motion on May 10, 2023, ECF No. 19. Plaintiff's

13    First Amended Complaint, ECF No. 25, removed Ms. Kilgore as a defendant, *id.* at

14    1, 4-5, and included a "Memorandum of Support: dismissal of Missy Kilgore in

15    lawsuit," ECF No. 25-10. Ms. Kilgore was terminated as a Defendant on July 12,

16    2023. As such, Ms. Kilgore's Motion to Dismiss, ECF No. 10, is denied as moot.

17    **B. 28 U.S.C. § 1915 Review**

18    When an individual seeks to proceed in forma pauperis, the Court is required

19    to review the complaint and dismiss such complaint, or portions of the complaint,

20    if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be

ORDER DISMISSING FIRST AMENDED COMPLAINT - 1

granted; or (iii) seeks monetary relief against a defendant who is immune from

such relief." 28 U.S.C. § 1915(e)(2)(B); *Wong v. Bell*, 642 F.2d 359, 361-62 (9th

Cir. 1981). A plaintiff's claim is frivolous "when the facts alleged rise to the level

of the irrational or the wholly incredible, whether or not there are judicially

noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25,

32-33 (1992).

A claim is legally frivolous when it lacks an arguable basis either in law or

in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on*

*other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000)

(en banc); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Therefore, the Court may dismiss a claim as frivolous where it is "based on an

indisputably meritless legal theory" or where the "factual contentions are clearly

baseless." *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional

claim has an arguable basis in law and fact. *See Jackson v. Arizona*, 885 F.2d 639,

640 (9th Cir. 1989), *superseded by statute on other grounds, Lopez*, 203 F.3d at

1130-31; *Franklin*, 745 F.2d at 1227.

The facts alleged in a complaint are to be taken as true and must "plausibly

give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Mere legal conclusions "are not entitled to the assumption of truth." *Id.* The

complaint must contain more than "a formulaic recitation of the elements of a

ORDER DISMISSING FIRST AMENDED COMPLAINT - 1

cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Liberally construing the first amended complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.

Even construing the facts liberally in favor of Plaintiff, Plaintiff has not sufficiently alleged that Defendants have violated any of his federal constitutional or statutory rights.

First, to the extent Plaintiff asserts violations of criminal laws, no private right of action exists to enforce criminal statutes. Federal criminal claims may not be brought by anyone other than the United States. *See, e.g., United States v. Nixon*, 418 U.S. 683, 693 (1974) (noting that the executive branch has exclusive authority to decide whether to prosecute a case). As a civil claim for damages is not the proper mechanism to allege criminal conduct, Plaintiff was previously cautioned not to include such claims in any amended complaint. ECF No. 20 at 11. Plaintiff has again asserted violations of federal criminal statutes, which fails to state a claim.

Second, Plaintiff again alleges the Court has federal question jurisdiction. ECF No. 25 at 5. In response to the question that asks the complainant to "state which of your federal constitutional or federal statutory rights have been violated,"

ORDER DISMISSING FIRST AMENDED COMPLAINT - 1

Plaintiff wrote "see enclosed complaint." *Id.*  The attached complaint has a jurisdiction and venue section, in which Plaintiff asserts the Court has subject matter jurisdiction under the Washington State Constitution. *Id.* at 30.  Plaintiff also discusses "racketeering," "fraud," "fabrication of evidence" and "all types of illegal activities." *Id.* at 30-31.  Neither the state constitution claims, nor allegations of criminal activity, give this Court jurisdiction over the case.  Plaintiff has not met his burden in demonstrating the Court has subject matter jurisdiction. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

Plaintiff also alleges violation of the Americans with Disabilities Act (ADA), and violations of his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights.  ECF No. 25 at 1-2, 11, 18-30.  Plaintiff spends extensive time discussing further criminal allegations, *see, e.g., id.* at 17, however Plaintiff does not have a private cause of action regarding criminal statutes, and thus the Court does not have jurisdiction over the alleged crimes, as discussed *supra.*  Plaintiff also appears to be asking this Court to overturn his "wrongful conviction." *Id.* at 20.  However, Plaintiff has failed to demonstrate this Court has jurisdiction over his claim and has failed to state a claim for the reasons discussed herein.

Plaintiff has not set forth facts that demonstrate any violation of his constitutional rights.  Plaintiff's outline of facts to support his claims again largely contains information that is not relevant to any of his claims.  Additionally,

ORDER DISMISSING FIRST AMENDED COMPLAINT - 1

Plaintiff's claims are mere legal conclusions, as discussed further *infra*. The Court's analysis focuses on the portions of Plaintiff's First Amended Complaint that specifically address each of his claims; Plaintiff has also submitted numerous attachments and a supplement, totaling to over 250 pages. ECF Nos. 25, 26. Plaintiff's Complaint violates Federal Rule of Civil Procedure 8, which requires the pleader to set forth their claims in a simple, concise, and direct manner. Fed. R. Civ. P. 8. Plaintiff was directed to file an amended complaint that consists of a short and plain statement showing he is entitled to relief. ECF No. 20 at 19. Like the plaintiff in *McHenry*, Plaintiff here has largely presented lengthy explanations of his allegations of conspiracy and misconduct without properly notifying the defendants of the legal claims, and the amended complaint does not cure the prior complaint's deficiencies. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). The court in *McHenry* noted that a case may be dismissed for violating a court order that directed the plaintiff to comply with Rule 8, and a pleading may be struck if the complaint is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. *Id.* at 1177-80 (citing Fed. R. Civ. P. 12(e)). Federal rules apply to *pro se* litigants. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Thus, Plaintiff's amended complaint is subject to dismissal for failure to comply with the Federal Rules.

ORDER DISMISSING FIRST AMENDED COMPLAINT - 1

*1. ADA*

Plaintiff alleges Defendants Trageser, Watts, and Glover violated his ADA rights.  ECF No. 25 at 29.  To state a claim of disability discrimination under Title II, a plaintiff must allege four elements: (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability." *Thompson v. Davis,* 295 F.3d 890, 895 (9th Cir. 2002) (per curiam), *cert. denied,* 538 U.S. 921, 123 S. Ct. 1570, 155 L. Ed. 2d 311 (2003).

Plaintiff alleges he is an individual with a disability but does not set forth facts to satisfy the other three elements of a Title II ADA claim.  Plaintiff states his accommodation requests were denied, ECF No. 25 at 19, 27, but it is unclear what his requests were, why they were denied, and how they impacted him.  It appears Plaintiff may have requested a change related to his cell during incarceration, but the facts surrounding the request are unclear. *Id.* at 27.  As such, Plaintiff does not plead sufficient facts to state a claim to relief that is plausible on its face. *See* ECF No. 25; *see Iqbal*, 556 U.S. at 664; *see also Twombly*, 550 U.S. at 555.

ORDER DISMISSING FIRST AMENDED COMPLAINT - 1

*2.  Section 1983*

Plaintiff alleges violations of his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights.  ECF No. 25 at 23-28.  Section 1983 requires a claimant to prove that (1) a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States.  *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988).  "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]."  *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1439 (9th Cir. 1991) (emphasis and brackets in the original) (internal quotation omitted), *abrogated in part on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994).

A complaint must set forth the specific facts upon which the plaintiff relies in claiming the liability of each defendant.  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Although the standard to evaluate a motion to dismiss is liberal, particularly when the action has been filed *pro se*, a liberal interpretation of a civil rights complaint may not supply essential elements of a claim that the plaintiff initially failed to plead.  *Id*.  Thus, to withstand dismissal on a Section 1983 claim, Plaintiff must set forth facts demonstrating how each Defendant

ORDER DISMISSING FIRST AMENDED COMPLAINT - 1

caused or personally participated in causing a deprivation of Plaintiff's protected rights. *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff again does not set forth sufficient facts to state a Section 1983 claim. Plaintiff alleges Defendants Watts and Glover were police officers at the time of the incidents at issue, and Defendant Trageser was a "Court Commissioner," and states acts were committed "under the Color of Law." ECF No. 25 at 2. However, if a defendant's conduct does not violate a clearly established constitutional right of which a reasonable person would have known, the defendant is entitled to qualified immunity from suit. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Plaintiff has failed to demonstrate Defendants' conduct violated a clearly established constitutional right as discussed further *infra*. Thus, Defendants appear to be entitled to qualified immunity.

a. Fourth Amendment

Plaintiff contends Defendants violated his Fourth Amendment rights. ECF No. 25 at 22-24. A claim of false arrest implicates a plaintiff's Fourth Amendment rights and can be the basis of a Section 1983 claim. *See Pierson v. Ray*, 386 U.S. 547, 555-57 (1967); *Wallace v. Kato*, 549 U.S. 384, 387 n. 1, 397 (2007). To prevail on a Section 1983 claim for false arrest and imprisonment, a plaintiff must "demonstrate that there was no probable cause to arrest him." *Cabrera v. City of*

ORDER DISMISSING FIRST AMENDED COMPLAINT - 1

1    *Huntington Park,* 159 F.3d 374, 380 (9th Cir. 1998) (per curium).  Therefore, a

2    plaintiff's claims for false arrest and false imprisonment are not cognizable under

3    Section 1983 until after his criminal charges have been dismissed or a resulting

4    conviction has been invalidated.  *See id.* (citing *Heck v. Humphrey*, 512 U.S. 477,

5    486-87 (1994)).  The Fourth Amendment also provides a right to privacy,

6    including a right to be free from unreasonable governmental searches.  U.S. Const.

7    amend. IV.  However, officers searching a person or conducting an inventory

8    search, incident to arrest, is not an unreasonable search and thus does not violate

9    the Fourth Amendment.  *United States v. Caseres*, 533 F.3d 1064, 1070 (9th Cir.

10   2008); *Illinois v. Lafayette,* 462 U.S. 640, 643 (1983).

11          While Plaintiff alleges he was falsely arrested, Plaintiff concedes his charges

12   have not been dismissed or invalidated.  ECF No. 25 at 21.  He alleges he was

13   prevented from filing his petition to vacate the conviction.  *Id.*  He also alleges the

14   arrest was based on false police reports.  *Id.* at 22-24.  Such allegations do not

15   demonstrate there was no probable cause to arrest him.  Plaintiff also alleges his

16   right to privacy was violated when his property was taken at the time he was

17   arrested.  *Id.*  However, the searches occurred subject to a valid arrest, as Plaintiff

18   again has not set forth facts that demonstrate the arrest was unlawful.  Plaintiff

19

20

ORDER DISMISSING FIRST AMENDED COMPLAINT - 1

1   does not allege any other facts that clearly implicate the Fourth Amendment.

2   Plaintiff has failed to state a Fourth Amendment claim.

3           b.  Fifth Amendment

4           Plaintiff contends Defendants violated his Fifth Amendment rights.  ECF

5   No. 25 at 22, 24-26.  Plaintiff alleges his Fifth Amendment rights were violated

6   when Defendant Trageser questioned Plaintiff about a prior crime he was acquitted

7   of, because the questioning amounted to double jeopardy.  *Id.* at 24-25.  To the

8   extent he challenges his Fifth Amendment due process rights, he fails to state a

9   plausible claim for relief.  "The Fifth Amendment prohibits the federal government

10  from depriving persons of due process, while the Fourteenth Amendment explicitly

11  prohibits deprivations without due process by the several States."  *Castillo v.*

12  *McFadden*, 370 F.3d 882, 889 n.5 (9th Cir. 2004).  As Plaintiff is not challenging

13  the actions of the federal government, the Fifth Amendment does not apply.  *See,*

14  *e.g., Radford v. City of Portland*, No. Civ. 04-1754-MO, 2005 WL 189715, at *2

15  (D. Or. Jan. 20, 2005) (dismissing pro se prisoner's Fifth Amendment due process

16  claims against state actors for failure to state a claim).

17          To the extent Plaintiff alleges a double jeopardy claim, "[t]he Double

18  Jeopardy Clause protects against three distinct abuses: [1] a second prosecution for

19  the same offense after acquittal; [2] a second prosecution for the same offense after

20  conviction; and [3] multiple punishments for the same offense."  *United States v.*

ORDER DISMISSING FIRST AMENDED COMPLAINT - 1

1   *Chick*, 61 F.3d 682, 686 (9th Cir. 1995) (quoting *United States v. Harper*, 490 U.S.

2   435, 440 (1989)).  Plaintiff alleges only that he was questioned again but does not

3   allege he was subject to prosecution for a second time.  ECF No. 25 at 24-25.

4   Plaintiff has failed to state a plausible Fifth Amendment claim.

5           c.  Sixth Amendment

6           Plaintiff contends Defendants violated his Sixth Amendment rights.  ECF

7   No. 25 at 22, 26-27.  A criminal defendant has a constitutional Sixth Amendment

8   right to a speedy trial.  Wash. Const. art. 1, § 22; U.S. Const. amend. VI.  While

9   Plaintiff alleges his right to a speedy trial was violated, his conviction has not been

10  set aside, as discussed *supra*.  Therefore, his speedy trial claim is barred.  *See*

11  *Peterson v. Cnty. of Okanogan*, No. CV-07-0394-EFS, 2008 WL 11425391, at *2

12  (E.D. Wash. Mar. 28, 2008) (citing *Heck*, 512 U.S. at 487).  There is also no cause

13  of action for damages based on a violation of Washington state constitutional

14  speedy trial rights.  *Peterson*, 2008 WL 11425391, at *2 (citing *Blinka v. Wash.*

15  *State Bar Ass'n*, 36 P.3d 1094, 1102 (Wash. Ct. App. 2001)).  Plaintiff has failed to

16  state a plausible Sixth Amendment claim.

17          d.  Eighth Amendment

18          Plaintiff contends Defendants violated his Eighth Amendment rights.  ECF

19  No. 25. at 22, 27.  Plaintiff first alleges he was given a bail amount that was

20  "exceptionally high," not justifiable, and "excessive."  *Id.*  A public official is

ORDER DISMISSING FIRST AMENDED COMPLAINT - 1

1  liable under Section 1983 only if he causes the plaintiff to be deprived of his

2  constitutional rights; as such, an excessive bail claim must establish that 1) the bail

3  was excessive in violation of the Eighth Amendment; and 2) the defendant(s)

4  actually and proximately caused the bail to be excessive.  *See Baker v. McCollan*,

5  443 U.S. 137, 142 (1979) (internal quotation marks omitted); *see also Leer v.*

6  *Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  Plaintiff alleges his bail was set at

7  $20,000.  ECF No. 25 at 22.  It is not clear if Plaintiff is alleging that Defendants

8  caused his bail to be excessive and he does not explain how the bail was excessive.

9      Next, Plaintiff contends Defendant Trageser was deliberately indifferent to

10  the accommodations Plaintiff needed when incarcerated.  ECF No. 25 at 27.  The

11  test for deliberate indifference to medical needs is two-pronged: (1) "the plaintiff

12  must show a serious medical need by demonstrating that failure to treat a

13  prisoner's condition could result in further significant injury or the unnecessary

14  and wanton infliction of pain"; and (2) "the plaintiff must show the defendant's

15  response to the need was deliberately indifferent."  *Jett v. Penner*, 439 F.3d 1091,

16  1096 (9th Cir. 2006) (internal quotation marks omitted).  Plaintiff contends

17  Defendant Trageser was responsible for his arrest and resulting incarceration, and

18  he ignored Plaintiff's accommodation requests.  ECF No. 25 at 22, 27.  He alleges

19  he experienced pain due to assaults while in jail and due to a thin mattress, and he

20  later needed additional treatment for his conditions.  *Id.*  Plaintiff does not set forth

ORDER DISMISSING FIRST AMENDED COMPLAINT - 1

1   an explanation that indicates Defendants failed to treat Plaintiff's impairments, that

2   the failure to provide the accommodations was likely to result in further significant

3   injury or unnecessary and wanton infliction of pain, nor that the lack of

4   accommodations was deliberately indifferent.  The facts surrounding Plaintiff's

5   allegations are also unclear.  Plaintiff has failed to state a plausible Eighth

6   Amendment claim.

7         e.  Fourteenth Amendment

8        Plaintiff contends Defendants violated his Fourteenth Amendment due

9   process and equal protection rights.  ECF No. 25 at 25-26.  "'The requirements of

10   procedural due process apply only to the deprivation of interests encompassed by

11   the Fourteenth Amendment's protection of liberty and property.'"  *Neal v.*

12   *Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997) (quoting *Board of Regents v. Roth*,

13   408 U.S. 564 (1972).  To the extent the Fourteenth Amendment claim relies on

14   false arrest or false imprisonment, this was addressed *supra.*  To the extent Plaintiff

15   alleges Defendants engaged in illegal acts when depriving him of his rights, ECF

16   No. 25 at 26, Plaintiff has no private right of action to enforce criminal statutes, as

ORDER DISMISSING FIRST AMENDED COMPLAINT - 1

discussed *supra*.  It is unclear how Plaintiff alleges Defendants violated his equal protection rights.  Plaintiff has failed to state a Fourteenth Amendment claim.

## CONCLUSION

Plaintiff has not met his burden in demonstrating the Court has jurisdiction over the claims and has failed to comply with the Federal Rules.  Further, he has failed to state a claim, and it appears Plaintiff cannot overcome Defendants' qualified immunity.  For the reasons set forth herein, and in the Court's Order to Amend or Voluntarily Dismiss Complaint, ECF No. 20, Plaintiff's First Amended Complaint, ECF No. 25, is dismissed.  Plaintiff has been given an opportunity to amend his complaint, and his Amended Complaint did not remedy any of the issues identified in this Court's order to amend.  The Court notes that Plaintiff brought an action in State court against East Valley School District, which contained many similar allegations as the instant case, including allegations of violations of Plaintiff's due process rights and the ADA, a need for continuances due to Plaintiff's housing issues, as well as allegations of widespread fraud and illegal acts committed by others, and targeting of Plaintiff.  *See DeRyan v. E. Valley Sch. Dist*., 192 Wash. 2d 1021 (2019) (Petitioner's Reply to Answer).

The Court finds it would be futile to allow further amendment for the reasons discussed *supra*.  The case is dismissed with prejudice.

ORDER DISMISSING FIRST AMENDED COMPLAINT - 1

Accordingly, **IT IS HEREBY ORDERED**.

1.  Ms. Kilgore's Motion to Dismiss, **ECF No. 10**, is **DENIED** as moot.

2.  Plaintiff's First Amended Complaint, **ECF No. 25** is **DISMISSED** with prejudice.

3.  Plaintiff's Motion for Continuance, **ECF No. 31**, is **DENIED** as moot.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order, enter judgment accordingly, close the file, and provide copies to counsel, *pro se* Plaintiff, and *pro se* terminated Defendant Kilgore.

DATED September 18, 2023.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER DISMISSING FIRST AMENDED COMPLAINT - 1